

# THE ATTORNEY GENERAL
## OF TEXAS

November 21, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas  77002

Opinion No. JM-983

Re:  Authority of Harris County
to  establish  a  system  which
monitors telephone calls
(RQ-1497)

Dear Mr. Driscoll:

You ask  whether Harris  County may  utilize a  station
message detail recording system to monitor telephone calls.

You furnish the following background information:

> The  Station  Message  Detail  Recording
> (SMDR) is a computer which interfaces with  a
> PBX switchboard via a data point  information
> switch.  The  SMDR records  every  electronic
> event related to the long distance  functions
> of a telephone  line.  Briefly,  by means  of
> the SMDR, a record is  made of the number  of
> long  distance  calls  made,  the  telephone
> number  called,  the  County  telephone  from
> which the call was made, length of each call,
> time  of  the  call  and  the  long  distance
> carrier used.  Incoming  traffic  to  county
> telephone  instruments  is  also  recorded,
> although no record is made of the originating
> telephone number.

While the system  is currently  used by  the county  to
monitor long distance telephone  calls, you advise that  the
county contemplates extending its use to local calls.

You state that  the system is  presently being used  by
the Harris  County  Department  of  Communications  for  the
following purposes:

> Harris County  Department  of  Communications
> uses the SMDR  to monitor  volume, to  enable
> the system to switch calls if a telephone PBX

switching cabinet becomes overloaded; for billing, and gathering administrative data.

The SMDR helps the County to identify unauthorized long distance telephone usage and avoid waste of County funds.

The planned extension of "its application to gather local telephone call data" results from the fact that "substantial amounts of county funds are expended on 'directory assistance' and 'emergency break-in' calls." You advise that the purpose for utilizing the system for local calls is as follows:

By monitoring local telephone call data an assessment could be made of the necessity of such calls and measures instituted to avoid unnecessary expenditure of county funds.

Article 16.03 of the Penal Code prohibits the use of a pen register but provides for exceptions and affirmative defenses. Article 16.03 provides:

(a) Except as authorized by a court order obtained under Article 18.21, Code of Criminal Procedure, 1965, a person commits an offense if he knowingly installs or utilizes a pen register to record telephone numbers dialed from a telephone instrument.

(b) In this section, 'pen register' has the same meaning as is given that term in Article 18.21, Code of Criminal Procedure, 1965.

(c) It is an exception to the application of Subsection (a) of this section that an officer, employee, or agent of a communications common carrier, as defined by Section 153(h), Title 47, United States Code, installs or utilizes a device or equipment to record the numbers dialed from a telephone instrument in the normal course of business of the carrier or assists a peace officer commissioned by the Department of Public Safety in executing an order issued under Article 18.21, Code of Criminal Procedure, 1965.

(d) It is an affirmative defense to prosecution under this section that the installation or utilization of a pen register was made by an officer, agent, or employee of a lawful enterprise while engaged in an activity <u>that is a necessary incident to the rendition of service or to the protection of property of or services provided by the enterprise, and was not made for the purpose of gathering information for a law enforcement agency or private investigative agency, other than information related to the theft of communication or information services provided by the enterprise</u>.

(e) An offense under this section is a felony of the third degree.

(f) A pen register used in violation of this section is subject to seizure and may be forfeited to the Department of Public Safety in the manner provided for disposition of seized property by Article 18.18, Code of Criminal Procedure, 1965, as amended. (Emphasis added.)

"Pen register" is defined in article 18.21 of the Code of Criminal Procedure as follows:

'Pen register' means a mechanical or electronic device that attaches to a telephone line and is capable of recording outgoing numbers dialed from that line but is not capable of recording the origin of an incoming communication to that line or the content of a communication carried between that line and another line.

Article 18.21 provides for a procedure whereby a judge may order the installation and utilization of a pen register by an officer commissioned by the Department of Public Safety.

The information you furnish reflects that the system presently used by the county records the telephone number called. Such a device falls within the definition of a "pen register" as that term is defined in article 18.21.

Section (c) of article 16.03 provides for an exception to the prohibition of the use of a "pen register" where "a

communications common carrier, as defined by Section 153(h), Title 47, United States Code, installs or utilizes a device or equipment to record the numbers dialed."

Section 153(h), 47 U.S.C.A., defines "common carrier" as follows:

> 'Common carrier' or 'carrier' means any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio or in interstate or foreign radio transmission of energy, except where reference is made to common carriers not subject to this chapter; but a person engaged in radio broadcasting shall not, insofar as such person is so engaged, be deemed a common carrier.

Clearly, a county is not a "common carrier," nor is the equipment in question apparently owned by a common carrier and operated for the county.

While use by the county of a mechanical or electronic device that attaches to a telephone line and is capable of recording outgoing numbers such as the system you describe is prohibited, section (d) of article 16.03 provides for certain affirmative defenses to prosecution.

Whether the county has an affirmative defense under article 16.03 is dependent upon whether the information gathered by use of this system "is a necessary incident to the rendition of service or to the protection of property of or services provided by the enterprise, and was not made for the purpose of gathering information for a law enforcement agency or private investigative agency, other than information related to the theft of communication or information services provided by the enterprise."[1] The resolution of these factual issues is not within the province of the opinion process.

---

1. Under article 2.04(d) of the Penal Code the defendant must prove an affirmative defense by a preponderance of the evidence. Graham v. State, 566 S.W.2d 941 (Tex. Crim. App. 1978).

## S U M M A R Y

The use by a county of any mechanical or electronic device that attaches to a telephone line and is capable of recording outgoing numbers is prohibited by article 16.03 of the Penal Code. Whether the county has an affirmative defense to a prosecution for such violation is dependent upon the resolution of factual issues that is not within the province of the opinion process.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General